UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACEY WALLER, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-02035-WTL-DML |
| WARDEN, INDIANA WOMEN'S PRISON, | ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Tracey Waller for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IWP 17020002. For the reasons explained in this Entry, Ms. Waller's habeas petition must be **granted**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On January 28, 2017, Lieutenant Russell wrote a Conduct Report charging Ms. Waller with unauthorized possession / theft of property. The Conduct Report states:

> While conducting security checks on unit 4 on 1-28-17, I Lieutenant Russell did confiscate a ring and purple hair straight[e]ner from offender Tracy Waller #258926. Offender Waller, Tracy #258926 could not prove ownership or show a receipt for that reason, she will be charged with unauthorized possession/theft of property.

Dkt. Nos. 1-1 at 2; 16-1 at 1.

Lieutenant Russell also provided Ms. Waller with a Notice of Confiscated Property that identified "1 ring silver w/ gold tiny. 1 purple straight[e]ner," and the reason for confiscation was "cannot provide proof of ownership." Dkt. No. 16-1 at 2.

Ms. Waller was notified of the charge on February 4, 2017, when she received the Screening Report. She pled not guilty to the charge, requested a lay advocate, requested two witnesses (Charlotte Kellogg and Bobbie Carter), and requested "paperwork from lock that [she] signed for the ring." Dkt. No. 16-2 at 1. The following notation was made on the Screening Report next to the paperwork request: "no bearing, either it is on your receipt or you have unauthorized property." *Id.* Ms. Kellogg provided the following statement:

> I was in a room with Lindsey Henderson before she went home and she left her straightener (purple) with me to give to Tracy Waller when she got on the unit. So the night I went to unit 12 Tracy Waller moved to unit 4 is the night I gave her the straightner [sic] from Henderson.

Dkt. Nos. 16-3 at 1.

Ms. Carter provided the following statement:

> Lindsey Henderson left the straightner [sic] for Tracey when she left. Lindsey gave Tracey the ring before Tracey went to lock. Lindsey told me when I was on the

> walk going to infirmary. I know Lindsey from home and know she had that ring in County. Lindsey left straightener with Charlott[e] Kellog[g].

Dkt. Nos. 16-4 at 1.

The prison disciplinary hearing was held on February 15, 2017. According to the notes from the hearing, Ms. Waller stated at the hearing that she "just thought Lindsey was just trying to help me out." Based on the staff reports and Ms. Waller's statement, the hearing officer found that based on the "preponderance of evidence," the property did not belong to Ms. Waller and therefore Ms. Waller was guilty of unauthorized possession of property. The sanctions imposed included thirty days earned-credit-time deprivation, a suspended credit class demotion; and the imposition of a suspended sanction of thirty days earned-credit-time deprivation from a previous disciplinary offense.

Ms. Waller appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

In her petition, Ms. Waller lists three grounds on which she challenges her prison disciplinary conviction: (1) she was denied an impartial decision maker – she was told that because she was written up by "Lieutenant Russell/Jonas," the charge would stick and would not be lowered; (2) there is a huge disparity in sanctioning in these cases; and (3) she should have been charged with a 353B violation and not a 215B violation, which would have resulted in a lesser sentence. The respondent argues that Ms. Waller raises one viable issue that can be restated as whether the evidence was sufficient, as Ms. Waller failed to exhaust her available administrative appeals with regard to the first two grounds. The respondent rephrases her third ground as a sufficiency of evidence claim and argues that there was sufficient evidence to prove her conviction.

Ms. Waller did not file a reply brief and the time to do so has passed. Because Ms. Waller's petition can be resolved on the sufficiency issue, the Court does not reach the other grounds.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-215 is entitled "Unauthorized Possession of Property," and is defined as "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. On the other hand, Adult Disciplinary Code Section C-353, a lesser form of the same offense, is also entitled "Unauthorized Possession of Property," but is defined as "[a]ny unauthorized possession, alteration, removal or relocation of personal property." *Id.*

In order to charge Ms. Waller under B-215, it must be shown that the property "belong[s] to another." Indeed, the existence of the similar, but lesser, offense C-353 makes the element "belong[s] to another" of at least some importance and relevance.

Here, the evidence is Ms. Waller's lack of a receipt and an inability to prove ownership. *See* Dkt. No. 16-1 at 1-2. The lack of evidence of ownership by Ms. Waller does not transform into evidence of ownership by another. Because there are no facts or evidence presented by the respondent that the hair straightener and ring "belong[ed] to another," the "some evidence" standard required in disciplinary cases is not met here.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Ms. Waller's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Accordingly, Ms. Waller's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/31/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Tracey Waller, 258926
Indiana Women's Prison
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214